**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JON OCANA,

Plaintiff,

v.

NRA GROUP, LLC, a Pennsylvania limited liability company,
d/b/a NATIONAL RECOVERY AGENCY,

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

## VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff Jon Ocana is a natural person.

8. The Plaintiff resides in the City of Pueblo, County of Pueblo, State of Colorado.

9. The Plaintiff is a “consumer” as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a “any person” as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant NRA Group, LLC d/b/a National Recovery Agency is a Pennsylvania limited liability company operating from an address at 2491 Paxton Street, Harrisburg, Pennsylvania, 17111.

12. The Defendant’s registered agent in the state of Colorado is Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield, Colorado, 80020.

13. The Defendant is a “debt collector” as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to BMG Music Service (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with BMG Music Service.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Account was placed or otherwise transferred to the Defendant in February 2009 for collection.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s).

27. On April 19, 2010 the Plaintiff and one of the Defendant's employees had a telephone conversation while the Defendant was attempting to collect the Account from the Plaintiff.

28. During the telephone call / conversation on April 19, 2010 between the Defendant's employee and the Plaintiff the Defendant's employee represented to the Plaintiff that they were calling regarding the BMG Music Service account with a balance of about $30.

29. During the telephone call / conversation on April 19, 2010 between the Plaintiff and the Defendant's employee the Plaintiff stated: I am disputing this account.

30. The Plaintiff disputed the Account with the Defendant in April 2010.

31. The Defendant was aware that the Account was disputed in April 2010.

32. Prior to December 2010 the Plaintiff disputed the Account with the Defendant.

33. Prior to December 2010 the Defendant was aware that the Account was disputed.

34. Prior to December 2010 the Defendant was informed that the Account was disputed.

35. Prior to December 2010 the Defendant was aware that on April 19, 2010 the Plaintiff stated: I am disputing this account - regarding the Account.

36. In December 2010 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

37. In December 2010 the Defendant communicated to Experian that the balance on the Account was $31.

38. In December 2010 the Defendant communicated to Experian that the Original Creditor on the Account was: "BMG Music Service".

39. In December 2010 the Defendant failed to communicate to Experian that the Account was disputed.

40. In December 2010 the Defendant did not communicate to Experian that the Account was disputed.

41. Prior to December 2010 the Defendant did not communicate to Experian that the Account was disputed.

42. As of February 22, 2011 the Defendant did not communicate to Experian that the Account was disputed.

43. The Defendant's purpose for communicating the information on the Account to Experian was to attempt to collect the Account.

44. The information communicated to Experian by the Defendant in December 2010 on the Account conveyed information regarding the Account directly or indirectly to Experian.

45. The information communicated to Experian by the Defendant in December 2010 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

46. The only reason that the Defendant communicated the information regarding the Account in December 2010 to Experian was to attempt to collect the Account.

47. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

48. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

49. Upon information and belief in 2010 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

50. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

51. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

52. Upon information and belief in 2010 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

53. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

54. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

55. Upon information and belief in 2010 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

56. Upon information and belief the Defendant was the Plaintiff in over 1000 cases filed in the State of Colorado Court system in 2010 while attempting to collect consumer debts from individuals residing in the state of Colorado.

57. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account made telephone calls to the Plaintiff.

58. In the year prior to the filing of the instant action the Plaintiff called the Defendant in response to the telephone calls from the Defendant.

59. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in the year prior to the filing of the instant action each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

60. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in the year prior to the filing of the instant action each individually constituted a “communication” as defined by FDCPA § 1692a(2).

61. The telephone call / conversation on April 19, 2010 between the Plaintiff and the Defendant and / or employee of the Defendant conveyed information regarding the Account directly or indirectly to the Plaintiff.

62. The telephone call / conversation on April 19, 2010 between the Plaintiff and the Defendant and / or employee of the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

63. On information and belief the Defendant made an audio recording(s) of its telephone call / conversation with the Plaintiff on April 19, 2010.

64. On information and belief the Defendant has a copy or copies of the audio recording(s) of its telephone call / conversation with the Plaintiff on April 19, 2010.

65. On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

66. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

67. On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

68. On information and belief the Defendant has a copy or copies of all of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

69. On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

70. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Account would be reported to the credit bureaus until paid.

71. The Defendant's representation stated in paragraph 70 was false and was a false representation in connection with the collection of a debt, the Account.

72. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit reports.

73. The Defendant's representation stated in paragraph 72 was false and was a false representation in connection with the collection of a debt, the Account.

74. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that he had to dispute the Account in writing.

75. The Defendant's representation stated in paragraph 74 was false and was a false representation in connection with the collection of a debt, the Account.

76. The Defendant's action(s) constitute harassment and abuse and violate FDCPA 1692d preface.

77. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(5), e(8) and e(10).

78. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

79. As a consequence of the Defendant's action(s), the Plaintiff has sustained actual damages.

**COUNT I, FDCPA VIOLATIONS**

80. The previous paragraphs are incorporated into this Count as if set forth in full.

81. The acts and omissions of the Defendant constitute violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(2)(A), e(5), e(8), e(10) and § 1692f preface.

82. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

**JURY TRIAL DEMAND**

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

**PRAYER**

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.
2. Actual damages under 15 U.S.C. § 1692k(a)(1).
3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).
4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson____________

David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff